JOHN HALL *v.* THE STATE.

CRIMINAL LAW. *Selling liquor without oath.* An oath " not to mix or
  adulterate with any poisnous substance whatever," is not a compli-
  ance with the statute requiring an oath " not to mix or adulterate
  with any substance whatever."

FROM SCOTT.

Appeal in error from the Circuit Court of Scott
·county.    D. K. YOUNG, J.

HENDERSON & JOUROLMON for Hall.

ATTORNEY-GENERAL LEA for the State.

FREEMAN, J., delivered the opinion of the .court.

Hall was convicted for selling liquor without hav-
ing taken the oath prescribed by the act of 1860, ch.
81, Code, sec. 1733*d*.

This section makes it unlawful to sell liquors in
this State, until the party shall first appear before the
clerk of the county court where such liquors are to
be sold, and take an oath "not to mix or adulterate
with any substance whatever, the liquors offered for
sale, and give bond, etc.

The defendant appears to have given the bond, and
took and subscribed the following oath : " I, John
Hall, do solemnly swear that I will not mix or adul-
terate with any poisonous substance whatever, any li-
quor that I may offer for sale, so help me, God."

Hall *v.* The State.

The court was requested to charge, that if the party had applied for license, paid his money, offering to comply with the law, and the license had been issued to him by the proper authority, the State could not rely on any verbal inaccuracy or omission in the oath prepared.

This the court declined, but charged that the oath taken was not a compliance with the act of 1860. In this he was literally correct. It seems to be a case where there has been an attempted compliance with the law, but by oversight, the language of the oath, as prescribed by the statute has not been given, nor has the party taken the oath thus prescribed. We know of no rule of law that will enable us to say the court was not correct in the charge given. The party obtaining the license is charged with the duty of taking the oath prescribed, and while it is customary, we take it for the clerk to prepare the form of the oath, it is not a duty imposed on him, and the oath would be equally valid if prepared by another, and sworn to before him. It is a case where executive clemency might well be extended, but the statute is imperative and we cannot dispense with its requirement, or allow an oath, not in the language required, to be the equivalent of that which is given by the law.

The judge trying the case seems to have felt that it was a hard case, and very properly suspended the execution of the sentence till further order of the court.

We can only affirm the judgment.